IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DALE D. DRINKWATER,

    Plaintiff,

v.

WISCONSIN DEPT. OF CORR. MEDICAL COMMITTEE, ET AL.,

    Defendants.

OPINION AND ORDER

Case No. 16-cv-134-wmc

In this lawsuit, plaintiff Dale Drinkwater alleges Eighth Amendment and state law claims against several individuals who have worked for the Wisconsin Department of Corrections ("DOC") and participated in Drinkwater's treatment for his hip problems between 2010 and January 2015. There are currently several motions pending. For the reasons that follow, the court will deny plaintiff's motion to add two new defendants (dkt. #29), grant defendants' motion for leave to file an amended answer (dkt. #38), and deny without prejudice plaintiff's motions for assistance in recruiting counsel (dkts. ##25, 30, 34, 36).

**Plaintiff's motion to add defendants Lt. Burdick and Lt. Mariani (dkt. #29)**

In this motion, plaintiff refers the court to one of the supplements to his complaint (dkt. #21), and seeks to add as defendants (1) Lt. Burdick, the Dodge Correctional Institute ("DCI") transportation supervisor, and (2) Lt. Mariani, who also appears to be a DCI employee. According to the documents in the supplement, on January 26, 2017, Drinkwater was transported from DCI to Racine Correctional Institution ("RCI"), where he is currently incarcerated. Before his transport, Drinkwater apparently tried to ensure

that he would be transported in a wheelchair accessible van because his special needs assessment in his previous incarceration provided for that mode of transport. Despite requesting wheelchair transport, Drinkwater alleges that neither Lt. Burdick nor Lt. Mariani arranged for it. Instead, Drinkwater alleges, he was transported in a regular van, which caused significant pain and a large hematoma, as well as chronic pain walking since. To his motion, Drinkwater attaches his special needs assessment, which does, in fact, indicate that he has been assigned wheelchair transport since 2015. (Dkt. #21-3.)

Under Federal Rule of Civil Procedure 15(a)(2), the court "should freely give leave when justice so requires." In particular, such motions should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." *Indiana Funeral Dir's Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). In granting leave to proceed, however, the court must also ensure that any new claims or defendants are properly joined under Federal Rule of Civil Procedure 20(a)(2), which permits multiple defendants to be joined in the same lawsuit only where the claim arises from the same "transaction, occurrence, or series of transactions or occurrences." The Court of Appeals for the Seventh Circuit recently reminded district courts of the importance of this requirement. *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017).

Here, Drinkwater's pending Eighth Amendment claims relate to the medical care he received between 2010 and 2015 while he was incarcerated at the Fox Lake Correctional Institution ("FLCI") and Redgranite Correctional Instiuttion ("Redgranite"). Had the incident involving Burdick and Mariani occurred during or shortly after 2015 or included defendants already named in the complaint, this court may have granted his request to

include these putative defendants. As it is, this incident did not take place for a full two years *after* the last incident outlined in the court's screening order, and it involves non-medical care decisions by non-defendants. As such, it would be a significant reach for the court to conclude that Drinkwater's pending claims related to his January 2017 transport issues. Accordingly, if Drinkwater wishes to proceed against Burdick and Mariani, he will have to do so in a separate lawsuit.

**Defendants' motion to file amended answer (dkt. #38)**

On January 26, 2018, defendants also filed a motion for leave to file an amended answer. (Dkt. #38.) Defendants filed their answer on December 6, 2017, and their present motion a month and a half later. It appears that the only change to their proposed amended answer is the addition of new affirmative defenses. As dispositive motions are not due until October 19, 2018, plaintiff will not be prejudiced by those additions. Accordingly, pursuant to Federal Rule of Civil Procedure 15(a)(2), the court will grant this motion.

**Plaintiff's Motions for assistance in recruiting counsel (dkts. ##25, 30, 34, 36)**

Finally, turning to Drinkwater's motions for assistance in recruiting counsel, he claims to be incapable of proceeding without the help of an attorney because: his incarceration limits his access to legal materials; he has limited mobility because he has a broken screw in his hip prosthesis; this case involves medical care decisions that are too complex for him to litigate; and he cannot afford an attorney and he has been unsuccessful in attempting to secure *pro bono* counsel for himself, having received numerous rejection

letters. While Drinkwater has satisfied the initial requirement of showing reasonable efforts to secure an attorney on his own, it is not still apparent at this stage of the lawsuit that the legal and factual complexity of this case exceeds his ability to represent himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

As noted already, the court granted Drinkwater leave to proceed on his Eighth Amendment and state law claims against several defendants related to the medical care he received for the hip problems he experienced at FLCI and Redgranite between 2010 and 2015. A preliminary pretrial conference order was issued in this case that explained that the parties should begin the discovery process using the Federal Rules of Civil Procedure. The order also set March 5, 2018, as the deadline for dispositive motions on exhaustion grounds; October 19, 2018, as the deadline for merits-based dispositive motions; and May 6, 2019, as the trial date. (Dkt. #37, at 4-11.) At this point, therefore, Drinkwater's obligations include preparing and responding to discovery requests, and in the near future, possibly responding to defendants' motion for summary judgment on exhaustion grounds.

More specifically, the court is not persuaded that Drinkwater needs an attorney to complete these tasks. As to exhaustion, counsel is typically unnecessary because the legal issues, in large part, are straightforward and the facts are often undisputed. As to discovery, the preliminary pretrial conference order not only explicitly cites to the Federal Rules of Civil Procedure that Drinkwater should use, but also provides information and guidance about how Drinkwater should conduct discovery. (*Id.* at 8-11.)

More broadly, Drinkwater's filings in this lawsuit suggest that he is capable of handling the tasks at hand. Indeed, he articulated the factual bases for his claims in a

thorough manner, and consistently writes clearly and cites to relevant case law. Further, his willingness to submit motions suggests that he is enthusiastic about litigating his claims in this lawsuit and capable of reaching out to the court as needed. That said, the court agrees that the legal questions in this case will become more complex because they involve medical care assessments and decisions, as well as the interpretations of medical records, including x-rays. Litigating these subjects will also likely require expert testimony or at least the experience of a lawyer. As such, although the court is denying his request at this point, it will be without prejudice to Drinkwater's ability to renew it as this case progresses and gets closer to the merits-based dispositive motion phase.

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion to add Lt. Burdick and Lt. Mariani as defendants (dkt. #29) is DENIED.

(2) Defendants' motion for leave to file amended answer (dkt. #38) is GRANTED.

(3) Plaintiff Dale Drinkwater's motions for assistance in recruiting counsel (dkts. ##25, 30, 34, 36) are DENIED without prejudice.

Entered this 6th day of February, 2018.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge